IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALBERT TADERERA<br><br>Defendants. | Criminal No. 17-MJ-02017-MBB |

## DEFENDANT'S MOTION TO DISMISS

Defendant Albert Taderera, pursuant to 18 U.S.C. §3161(b), 18 U.S.C. §3162(a)(1), and Fed. R. Crim. P. 48(b) moves the Court to dismiss or drop the above-numbered complaint. As grounds for this motion, defendant states that the government was required to file an indictment by May 8, 2017. No indictment or formal charge has been filed.

### 1. FACTS

Mr. Taderera was arrested and served with an arrest warrant in the Eastern District of Virginia on March 24, 2017. (Doc. 3.) On the same day, a Rule 5(c)(3) initial appearance was held pursuant the Federal Rules of Criminal Procedure. Mr. Taderera was informed of his rights, charges, and penalties. Mr. Taderera was appointed counsel. His preliminary hearing and detention hearing were waived in the Eastern District of Virginia alone. He was remanded to the custody of the United States Marshals.

Mr. Taderera was transported to the District of Massachusetts and appeared before Magistrate Judge Bowler on April 7, 2017. The government moved for detention. Detention and preliminary hearing were set for April 12, 2017. Mr. Taderera's detention and preliminary hearing occurred on April 12, 2017.

On or about May 5, 2017, defense counsel and the government discussed the computation of time issue. The government was advised that Mr. Taderera would not assent to an extension. On or about May 10, 2017, the government filed a motion under seal and under a miscellaneous case number requesting leave from the Court to extend the time limit to indict Mr. Taderera. On May 10, 2017, the Court entered an order excluding time until June 8, 2017 in the interests of justice pursuant 18 U.S.C. § 3161(h)(7)(A). (Doc. 10.)

As of May 12, 2017, Mr. Taderera remains in custody. No indictment has been filed.

**2. LAW**

The Speedy Trial Act (STA) was enacted in 1974 and amended in 1979 to include a 30-day limit from the time of arrest until the filing of an indictment. See *United States v. Spagnuolo*, 469 F.3d 39, 42 (1st Cir. 2006); 18 U.S.C. 3161. The purpose of the 30-day requirement "is to ensure that the defendant is not held under an arrest warrant for an excessive period without receiving formal notice of the charge against which he must prepare to defend himself." *Id. citing United States v. Meade,* 110 F.3d 190, 200 (1st Cir.1997) (quoting *United States v. Berry,* 90 F.3d 148, 151 (6th Cir.1996). The STA begins to run from the date which a defendant is arrested or served with a summons in connection with the charges. 18 U.S.C. § 3161(b). Certain periods of delay shall be excluded from computing

time from arrest to indictment or indictment to trial. 18 U.S.C. § 3161(h); *United States v. Kelly*, 661 F.3d 682, 685 (1st Cir. 2011). Two relevant examples of exclusion exist:

> (1) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; or
>
> (2) delay resulting from transportation of any defendant from another district, except that any time consumed in excess of 10 days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable.

18 U.S.C. §§ 3161(h)(1)(D) and (F).

**3. ARGUMENT**

Mr. Taderera was arrested in a district outside of Massachusetts on March 24, 2017. He was served with an arrest warrant, brought before a magistrate for an official Rule 5(c)(3) hearing, and formally placed in the custody of the United States Marshals. This was no detainer or writ of habeas corpus ad prosequendum.

The period of delay attributed to Mr. Taderera's removal or transportation from Virginia is excludable. However, time in excess of 10 days is presumed unreasonable.[1] Here, the tenth day falls on April 3, 2017. This computation of the tenth day pushed Mr. Taderera's STA start time to April 4, 2014, for purposes of time limit to indict. Mr. Taderera's next appearance was his detention hearing on April 7, 2017. At that point, a total of 4 days should count against the time limit to indict. On April 7, 2017, the government moved for detention. Delay resulting from any pretrial motion through the conclusion of the

[1] Only under rare circumstances are courts inclined to slightly deviate from the presumption. For example if the tenth day falls on a calendar weekend or holiday. *See United States v. Berk*, 614 F. Supp. 2d 86, 89 (D. Me. 2009)

hearing is excluded. Mr. Taderera's preliminary hearing and detention hearing concluded on April 12, 2017. Therefore, on April 13, 2017, the time limit to indict started again with 26 more days remaining until the 30 day deadline. May 8, 2017 is the 30 day deadline under this computation. Even assuming, but not conceding that (1) the March 25, 2017 weekend that time initially started and (2) the April 8, 2017 weekend that time restarted, does not count against the government, a violation of the STA time limit to indict has still occurred. Both weekends encompass 4 days. The time limit to indict would be reached on March 12, 2017.

The government requested and was granted an addition 27 to 31 days to indict Mr. Taderera. Mr. Taderera has not assented to an extension and no specific justification to extend time under 18 U.S.C. § 3161(h) has been offered. Typically, continuances due to congestion or preparation shall not be granted. 18 U.S.C. § 3161(h)(3)(C). The order entered by the Court is inaccessible to defense counsel. (Doc. 10.) By statute, "no such period of delay resulting from a continuance granted by the court in accordance with [18 U.S.C. § 3161(h)(7)(A)] shall be excludable under this subsection unless the court sets forth, on the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Defense counsel is unaware of any reasons set forth to support the ends justifying the means to continue the government's charging deadline while Mr. Taderera remains in custody.

A continuance until June 8, 2017, while Mr. Taderera remains in custody, is not in the best interests of his speedy trial rights. The criminal complaint included One Count Bank Robbery pursuant 18 U.S.C. 2113(a). The accusation does not appear to be complex. The

government was prepared with testimony and evidence at the preliminary hearing that occurred on April 7, 2017.

The current computation places the government in violation of 18 U.S.C. § 3161(b). Based on the record before counsel, justification for excludable time has not been set forth by the government. Also, the continuance granted the Court should not include a period of excludable delay. The sanction for violation of 18 U.S.C. § 3161(b) is "such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. §3162(a)(1).

**4. CONCLUSION**

Based on the above, Mr. Taderera requests the complaint be dismissed or dropped.

REQUEST FOR HEARING

Defendant respectfully requests a hearing on this motion.

Respectfully Submitted,
ALBERT TADERERA,
By His Attorney,

<u>/s/ W. Jamiel Allen</u>
W. Jamiel Allen
AZ Bar No. 024631
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, W. Jamiel Allen, Esquire, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on May 12, 2017.

/s/ W. Jamiel Allen
W. Jamiel Allen